## DAWES PUSLEY v. STATE.

No. A-3718.   Opinion Filed Feb. 13, 1922.
Rehearing Denied Dec. 2, 1922.
(210 Pac. 306.)

(Syllabus.)

1.  Rape—Evidence Sustaining Conviction of Assault to Rape. Evidence examined, and held sufficient to sustain the verdict and judgment.

2.  Continuance—Refusing Continuance for Absence of Witness not Abuse of Discretion. Motions for a continuance are addressed to the discretion of the trial court. The trial court's action on such motion will not be disturbed, unless a manifest abuse of discretion appears.

3.  Rape—Exclusion of Evidence of Defendant's Intoxication After Alleged Act not Error. The defense interposed was that defendant was so drunk at the time the offense was alleged to have been committed that he did not have mental capacity sufficient to form the specific intent to rape the prosecuting witness. The trial court permitted defendant to introduce evidence to show that he was drunk both before and at the

time the alleged assault was committed, but excluded proffered evidence that he was drunk some three hours after that time. Held, exclusion of such evidence not erroneous.

4. **Appeal and Error—Judge's Inaccurate Remarks Cured by Instruction.** Inaccurate remarks of the trial judge in ruling upon the admission of proffered testimony held to be cured by an instruction on the same subject, subsequently given.

5. **Case Followed.** Williams v. State, 10 Okla. Cr. 336, 136 Pac. 599, followed in holding the information sufficient.

Appeal from District Court, Bryan County; George S. March, Judge.

Dawes Pusley was convicted of the crime of assault with intent to rape, and he appeals. Affirmed.

O. R. Fowler and Utterback & MacDonald, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

MATSON, J. Dawes Pusley appeals from a judgment rendered against him in the district court of Bryan county on the 18th day of October, 1919. The conviction was for assault with intent to rape, and the punishment assessed at four years' imprisonment in the state penitentiary.

It is first contended that the trial court erred in refusing to grant the defendant a new trial because of the insufficiency of the evidence. The prosecuting witness, Mrs. Agnes Thomas, testified that the defendant assaulted her while she was passing through a field near the home of the defendant; that after some effort she succeeded in breaking away from the defendant, and ran to the house of a neighbor. Her testimony is corroborated by the testimony of several neighbors, who stated that Mrs. Thomas came to the house of one of them from the direction of the defendant's house, and that she was in a very excited condition and in a state of nervous collapse.

Another witness also saw a woman running through the field where the prosecuting witness testified the assault took place and saw a man running after her. This witness was not able to positively identify these parties.

The defendant did not deny the assault, but interposed as a defense that he had been drinking that day and had no recollection of what occurred during the day from early in the morning until after he came to himself in the jail at Durant. The alleged assault took place between noon and 1 o'clock.

That the defendant assaulted the prosecuting witness is established by apparently credible and uncontradictory testimony. As we view the evidence, the only controverted question for determination by the jury was the intent with which this assault was committed. The question of intent was one for the jury, under proper instructions on the law by the trial court. The circumstances under which the assault was committed and the nature thereof were such as to authorize the jury to infer that the defendant intended to rape the prosecuting witness. Under such circumstances we deem it our duty not to set a judgment of conviction aside on account of insufficient evidence, especially as the trial court refused to grant a new trial on this ground, and the trial court and jury had the advantage of seeing the witnesses, observing their manner of testifying, and were in a much better position than is this court to arrive at a right conclusion of the credibility of the witnesses and the weight to be given to their testimony.

Further, it is contended that the trial court erred in overruling the motion for a continuance based on the absence of a Mrs. Lena McGarr, a sister of the defendant and the wife of Tobe McGarr. The motion alleges that said witness had been subpoenaed, but was about to be confined, and could not at-

tend the trial without taking great risks as to her health; that on the day the alleged offense was committed the defendant was at her home frequently during the day; that he was drinking and in a drunken condition, both in the forenoon and afternoon of said day; that the defendant was crazy drunk about 2 o'clock in the afternoon, and acted in a very boisterous manner, and apparently did not know what he was doing; that the evidence is material to the defendant, and that he could not safely go to trial without it. The motion was subscribed and sworn to by the defendant. No attachment was asked for the absent witness, and it appears from the record that the testimony of this witness, if present, would have been altogether cumulative, as Tobe McGarr and other witnesses were present and testified to substantially the same matters. Further, there is no showing of any reasonable probability that the witness would be able to attend court at the next term should a continuance have been granted. Under the circumstances as disclosed by this record we find no abuse of discretion in denying the continuance.

Further it is contended that the trial court erred in excluding legal and competent testimony offered in behalf of the defendant. In this connection it is contended that the trial court erred in refusing to allow the defendant to show by certain witnesses that he was very drunk at the time he was arrested, about 4 o'clock in the afternoon of the day the offense was alleged to have been committed. The trial court permitted the defendant to show by other witnesses and by his own testimony that he had been drinking the day before the offense was committed, that he did not eat any supper the day before, that he began drinking early in the morning of the day the offense was committed, that he became very drunk that morning, and that he was drunk at the time the offense was alleged to have been committed, and was apparently drunk shortly thereafter. The material inquiry was

whether or not the defendant was so drunk at the time the offense was committed that he could not and did not form the specific intent to rape the prosecuting witness. The scope of the inquiry as to the drunken condition of the defendant was to a large extent discretionary with the trial court. In view of the fact that evidence had previously been introduced to show that the defendant was drunk both before and at the time the alleged assault was committed, we fail to see wherein he was prejudiced by the exclusion of evidence that he was drunk three hours after that time.

In this connection is it also contended that the trial court erred while ruling upon the admission of this proffered testimony by using the following language:

"I will sustain the objection. I am going to try to admit everything I think admissible on the part of the defendant, and the same on the part of the state, but I don't think this is competent. In this connection I will call your attention to section 2095 of the Revised Laws: 'No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of having been in such condition.' And the decisions go further than that, and I will charge the jury accordingly when I come to it. If a man was so drunk at the time of the alleged commission of an offense that he could not form an intent to commit a crime, yet that wouldn't excuse him. Sustain the objection."

In support of the latter assignment the following argument is advanced:

"From the language above used the court imparted at that time to the jury the information that even if the defendant was drunk, it would not make the act any less criminal, and although he 'was so drunk at the time of the alleged commission of the offense that he could not form an intent to commit a crime, yet that would not excuse him.' This was told the jury, or was stated in the presence of the jury by the judge upon the bench, at a time when the defendant

had given his testimony, and soon after the close of the evidence by the state. This was not the law, and this erroneous instruction to the jury at the time could not have been dislodged from the minds of those men by the use of dynamite."

The remarks above quoted were not entirely accurate, and did not contain a complete statement of the law of "voluntary intoxication" when applied to the commission of a crime in which a specific intent is involved. While voluntary intoxication is not an excuse for the commission of a criminal act, it may tend to reduce the degree of the crime, as from murder to manslaughter, when the intoxication is such that at the time of its alleged commission defendant was unable to form a premeditated design to kill. Cheadle v. State, 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031; Tubby v. State, 15 Okla. Cr. 496, 178 Pac. 491; Miller v. State, 9 Okla. Cr. 55, 130 Pac. 814. Or, in this case, to reduce the offense from assault with intent to rape to that of simple assault. We are clearly of the opinion, however, that the trial court in his general charge to the jury cured any inaccuracy that may have been contained in the foregoing statement and ruling excluding the proffered testimony.

Instruction No. 5 is as follows:

"The defendant, as a part of his defense, contends that at the time of the alleged commission of the offense charged in the information he was in such a state of intoxication that he was incapable of forming the specific intent to commit the offense charged. In this connection you are instructed that while ordinarily drunkenness is no defense to the commission of an offense, yet in the case at bar before the defendant could be guilty of an assault to commit rape the law requires that he must have been capable of and to have had the mental capacity to form an intent to commit the crime charged, and if you find that the defendant did not have such mental capacity or was not capable of forming such intent, or have a reasonable doubt thereof, then you must acquit the defendant."

The foregoing instruction was a more favorable statement of the law as applied to the evidence than the defendant was entitled to, because had the jury believed beyond a reasonable doubt that the defendant had committed the assault as charged, but had a reasonable doubt as to his mental capacity to form the specific intent on account of drunkenness alone, the jury still could have convicted him of simple assault; but the trial court told them that under such circumstances the defendant was entitled to an acquittal.

It is also contended that the trial court erred in overruling the demurrer to the information interposed on the ground that the information did not state facts sufficient to constitute the crime of assault with intent to rape. The specific objection to the information is that it does not state the facts constituting the alleged assault; and in support of this assignment several decisions are cited by this and the Supreme Court of the territory of Oklahoma that in charging an attempt to commit a crime it is necessary to allege the acts or facts constituting the attempt, and, further, that the attempt failed. A clear distinction is to be made between the necessary allegations of an information charging an attempted crime and one charging assault with intent to commit a crime. We think this distinction is made clear in the case of Williams v. State, 10 Okla. Cr. 336; 136 Pac. 599.

After a careful examination of the record, the conclusion is reached that the information is sufficient to charge the crime of assault with intent to commit rape; that the evidence is sufficient to support the verdict and judgment; that there was no abuse of discretion either in denying the continuance or excluding the proffered testimony; and that the defendant was accorded a fair and impartial trial. For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.