**J. W. SMITH, alias Jack Smith, alias George W. Smith, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12280.**

Criminal Court of Appeals of Oklahoma.

April 4, 1956.

J. W. Smith, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, J. W. Smith, alias Jack Smith, alias George W. Smith, was charged by an information filed in the District Court of Pottawatomie County with the crime of uttering a bogus check, a second and subsequent offense, was tried, found guilty by verdict of the jury who left the punishment to be assessed by the court; thereafter the defendant was sentenced to serve a term of 25 years imprisonment in the penitentiary and has appealed.

When the defendant was brought before the committing magistrate for arraignment on the criminal complaint filed against him, he appeared without counsel, waived a preliminary hearing and was ordered held to await trial in the District Court. Thereafter an information was filed in the District Court and upon arraignment of the accused counsel was appointed to represent him. Counsel moved the District Court to remand the case to the Justice of the Peace Court for a preliminary hearing which motion was sustained and the case was remanded to the magistrate. The transcript of the Justice of the Peace proceedings shows that on March 23, 1955, evidence was presented by both the State and the defendant at a preliminary hearing and at the conclusion of said hearing the parties agreed to a continuance of the case to a later date. Thereafter and on April 8, 1955, counsel who had been appointed by the District Court to represent the accused withdrew from the case at the request of the defendant. On April 11, 1955, the committing magistrate ordered that the defendant be held to await trial in the District Court on a charge of uttering a bogus check, a second and subsequent offense. Before the transcript of the Justice of the Peace records were filed in the District Court of Pottawatomie County another attorney appeared on behalf of the defendant and asked that the order directing that defendant be held for trial in the District Court be vacated and sought permission to introduce two witnesses to testify on behalf of the defendant in connection with his preliminary examination. The Justice of the Peace sustained the motion and heard the additional two witnesses and at the conclusion of such testimony, again ordered the defendant held to await trial in the District Court. Thereafter the accused appeared for arraignment in the District Court of Pottawatomie County together with his counsel, entered his plea of not guilty and the case was duly assigned for trial. Thereafter on May 3, 1955, counsel for the accused filed his written application

in the District Court to withdraw as attorney for the accused in which he stated that the defendant was hostile to the attorney and did not want the attorney to appear and defend him in said case, and the District Court entered an order releasing said attorney from further services in said case.

Thereafter on May 9, 1955, the case came on for trial, the defendant appearing without counsel and upon being asked as to whether he desired counsel in the cause he stated that he wanted to proceed without an attorney. The record shows that the defendant proceeded to examine the jurors and exercised four peremptory challenges.

The proof on the part of the State showed that the defendant bought a used car from the Modern Motor Company in Shawnee and gave them a check for the car in the amount of $1,200 which check was returned marked "No account." The check was drawn on a bank at Tecumseh. The defendant as his defense sought to show that he informed the car salesman with whom he made the trade that he did not have funds in the bank with which to pay the check, but that he expected to make a deposit in a sufficient amount to take care of the check within a day or two after the transaction had been completed. The State's evidence further showed that the defendant prior to the alleged giving of the bogus check of $1,200 had been convicted of forgery in the District Court of Logan County, of forgery in the District Court of Washita County and of uttering a bogus check in the District Court of Pottawatomie County.

We think the defendant exaggerated his own wisdom and importance when he chose to represent himself rather than having one or the other of the attorneys who had been appointed to represent him. A layman, not familiar with the rules of evidence, generally is unable to properly present his case and often becomes confused as to the issues to be tried. That is, he becomes confused or pretends to be confused.

■ The trial court in the instant case was extraordinarily diligent in protecting the rights of the accused during the trial. We noticed many instances in the record where the trial court interrupted the examination of witnesses by the county attorney stating, "That question is improper and the witness will not answer it." This was commendable on the part of the trial court and is one of the obligations imposed upon a trial judge which sometimes is overlooked in the excitement of a trial where no objection is interposed to the question.

No brief was filed on behalf of the defendant, but he did file a petition in error. As we can best determine after careful reading of the petition in error, the defendant complains of the following alleged errors: 1. The defendant was forced to trial without an attorney. 2. The trial court should have postponed the trial until the witness Quackenbush was physically able to appear.

■ As to the first contention of the accused the record affirmatively discloses that the defendant asked to proceed to trial without an attorney. The trial court then dictated into the record the proceedings involving the appointment of two attorneys at different times for the accused and that upon the request of the accused each of said attorneys had been discharged and that at the trial the defendant appeared without an attorney and demanded that the trial proceed and stated that he did not want an attorney.

■ Under the requirements of due process of law, defendant was entitled to have counsel represent him at every stage of the proceedings but this right is personal to the accused and is one which he may waive. Ex parte Snow, 84 Okl.Cr. 423, 183 P.2d 588; Ex parte Owens, 91 Okl.Cr. 444, 219 P.2d 1030; Hunter v. State, Okl.Cr., 288 P.2d 425. The question to be determined in each instance is whether there has been an intelligent waiver of his right to counsel. We find that there was a voluntary and intentional waiver on the part of the defendant to his right to have counsel appear with him at the trial. In fact, one gets the impression from reading the record as to the defendant's actions that the defendant had the desire to appear without counsel under the belief that such would strike a sympathetic chord with the jury and cause them to be lenient with him.

As to the second assignment of error, the record discloses that the defendant announced ready for trial and did not ask for a continuance. Furthermore, the witness Quackenbush was not subpoenaed by the defendant. At the request of defendant subpoenas were issued and served on thirteen witnesses. However, the witness Quackenbush who the defendant alleges would have given testimony that would have exonerated him was subpoenaed by the State, but it was shown at the trial that he was ill and unable to appear. However, he did appear and testify for the State at the preliminary hearing, but such testimony was not reduced to writing and filed with the transcript of the record by the Justice of the Peace in the District Court of Pottawatomie County.

The jury returned a verdict of guilty but left the punishment to be fixed by the court. When such verdict was first returned the trial court refused to accept the verdict but sent the jury back for further deliberation and instructed them to use their very best efforts to arrive at a verdict fixing the punishment. Subsequently the jury returned a verdict finding the defendant guilty but again leaving the punishment to be fixed by the court. The verdict was accepted, the jury was discharged and the date set for sentencing. Thereafter the defendant was sentenced to serve 25 years imprisonment in the penitentiary. Although not presented as an assignment of error, we feel that the punishment assessed was excessive. The automobile allegedly purchased by the accused was recovered but the radio was missing. Defendant told the sheriff where the radio was left but the record does not show whether it was recovered. The court did permit the defendant to show that he remained in Pottawatomie County for several days after the check was given and went to several parties attempting to raise the money to take care of the check. Much of this evidence consisted of statements made by the defendant and was self-serving and inadmissible but the court showed a great desire to permit the accused to offer any proof he wished that might shed some light on the alleged transaction. However, when the time came for sentencing the accused, the court did not exercise that same degree of mercy which had characterized his every action during the trial, as we think the record did not justify the imposition of a sentence of 25 years.

It is therefore ordered that the judgment and sentence of the District Court of Pottawatomie County be reduced to a sentence of 15 years imprisonment in the penitentiary and the judgment and sentence as thus modified is affirmed.

BRETT and POWELL, JJ., concur.