John Barton GARRISON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15288.

Court of Criminal Appeals of Oklahoma.

June 10, 1970.

Curtis Parks, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

John Barton Garrison, hereinafter referred to as defendant, was charged, tried

and convicted in the District Court of Tulsa County for the crime of Assault with Intent to Rape; he was sentenced to serve a term of five years imprisonment in the state penitentiary, and from said judgment and sentence he appeals.

Briefly stated, the record reveals that the defendant accosted the prosecutrix on the evening of August 16, 1968. Under the threat of death he forced her into the bushes between two houses and after compelling her to disrobe and molesting her, he was advised that the prosecutrix was pregnant. After being so advised, the defendant did not rape the prosecutrix, but satisfied himself by fondling her breasts and masturbating and thereafter fleeing. Further evidence was introduced that the defendant was arrested, he then escaped and was thereafter recaptured. The defendant was identified on the trial by the prosecutrix as her attacker.

The defendant testified in his own behalf that he did assault the prosecutrix, but that he had no intent to rape her and intended only to play with her.

■ On appeal it is defendant's contention that the evidence was wholly insufficient to support the verdict of the jury in that the State failed to prove beyond a reasonable doubt that the assault by the defendant was committed with the intent to rape.

In Matthews v. State, 91 Okl.Cr. 285, 218 P.2d 393, this Court stated:

"It is seldom that a case can be found where the court can, as a matter of law, determine from the evidence that the intent to ravish did or did not exist. Where the intent rests in inference to be deduced from the facts proven, its existence or nonexistence must be submitted to the jury for their determination."

■ In Pusley v. State, 22 Okl.Cr. 192, 210 P. 306, the defendant had attacked the prosecuting witness in a field. The defendant testified that he was drunk. There it was said:

"That the defendant assaulted the prosecuting witness is established by appar-

ently credible and uncontradictory testimony. As we view the evidence, the only controverted question for determination by the jury was the intent with which the assault was committed. The question of intent was one for the jury, under proper instructions on the law by the trial court. The circumstances under which the assault was committed and the nature thereof were such as to authorize the jury to infer that the defendant intended to rape the prosecuting witness. Under these circumstances we deem it our duty not to set a judgment of conviction aside on account of insufficient evidence, especially as the trial court refused to grant a new trial on this ground, and the trial court and the jury had the advantage of seeing the witnesses, observing their manner of testifying, and were in a much better position than is this court to arrive at a right conclusion of the credibility of the witnesses and the weight to be given their testimony."

In accordance with the authorities above set forth, we are of the opinion that this assignment of error is without merit.

It is further contended that the trial court erred in giving Instruction No. 2 as to good time credits in the second stage of the two-stage proceeding, over the objection of the defendant.

■■ In Williams v. State, Okl.Cr., 461 P.2d 997, we held in the Syllabus:

"1. It is error for the trial court to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

2. Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

In the instant case we are of the opinion that justice would best by served by modify-

ing the judgment and sentence from a term of five years imprisonment in the state penitentiary to a term of three (3) years in the state penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.