**Will MOULTON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15692.**

Court of Criminal Appeals of Oklahoma.
Oct. 28, 1970.

Rudkin & Wright, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Will Moulton, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Custer County, Oklahoma, with the crime of Attempted Rape; his punishment was set at ten years imprisonment; and a timely appeal has been perfected to this Court.

Briefly stated, the evidence revealed that the defendant came to the home of Patricia Barnett in Weatherford, Oklahoma, about 5:00 p. m. on May 13, 1969, inquiring about a former occupant of the house. She testified that he attempted to push her into a bedroom and she ran from the house screaming.

Laura Olds, age 17, who lived approximately one and one-half blocks from the Barnett residence, testified that at 5:20 p. m. on the day in question, she was walking to a meeting when the defendant called her by name and asked if she wanted a ride. She got into the car thinking she knew the defendant as the local basketball coach. The defendant asked if she would show him certain streets and subsequently drove to a location in the country. She got out of the car and was physically placed back into the car by the defendant. He attempted to kiss her, placed his hand on her breast and inserted his hand inside her culottes; that she resisted to the best of her ability and after approximately twenty minutes she was able to get out of the car. She started screaming and the defendant slapped her several times telling her to be quiet. He then returned to his car and she ran through various fields, through fences, to her boyfriend's house, which was in the vicinity.

Mrs. Jack Jones, the boyfriend's mother, observed Laura at approximately 6:00 p. m.; that she was very upset and her face, neck and shoulders were red. Laura asked Mrs. Jones to not tell her parents what had happened.

The mother, Mrs. Fred Olds, testified that Laura told her what had happened after the family had returned from a banquet that night. She described the physical injuries she observed. Dr. Huser examined Laura on May 15, 1969, and observed two bruises on her face, one bruise on a foot, an abrasion on her shoulder, and a cut on her leg.

The defendant testified that he was the wrestling coach at Geary, Oklahoma; that he went to the Barnett residence attempting to find a friend that had previously lived there. He was invited into the house by Mrs. Barnett and nothing unusual occurred therein. He admitted picking up Laura, who seemed more than willing to go riding; that she was sitting in the car in a provocative manner during the ride; that upon arrival in the country she became apprehensive that her parents might see them and asked him to return to town without her. He admitted kissing her one time and that he stopped when she turned her head. He acquiesced to her desires and returned

home, leaving her at the location. Two character witnesses stated that the defendant had a good reputation for truth and veracity.

The defendant's first proposition alleges that the court erred in admitting testimony concerning another crime committed by the defendant. The general rule in this state is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused is put on trial, and (5) common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other. See Epperson v. State, Okl.Cr., 406 P.2d 1017; Parks v. State, Okl.Cr., 457 P.2d 818 and Turnbow v. State, Okl.Cr., 451 P.2d 387.

We feel that the trial court properly admitted the evidence of Mrs. Barnett tending to establish commission of another offense as showing motive and intent and that they were so closely related to each other that proof of one tended to establish the other.

The defendant's next contention alleges that the trial court erred in not sustaining his Motion to Quash and Dismiss the preliminary hearing. A copy of the transcript of the preliminary hearing has not been filed in this Court. This Court has repeatedly held that a matter assigned as error, in the Motion for New Trial and in the Petition in Error, but not shown in the case made, will not be considered by this Court. See Pettigrew v. State, Okl. Cr., 430 P.2d 808 and Fryar v. State, Okl. Cr., 385 P.2d 818. We therefore must deny this proposition of error.

The next proposition urged by defendant is that the Information filed against the defendant was wholly insufficient to allege the offense of Attempted Rape. The charging part of the Information is as follows:

BE IT REMEMBERED:

That Eph Monroe, the duly qualified and acting District Attorney for Custer County, Oklahoma, who prosecutes in the name and by the authority of the State of Oklahoma, comes now into the District Court of Custer County, State of Oklahoma, and gives the Court to understand and be informed that WILL MOULTON on the 13th day of May A.D., 1969, in Custer County, State of Oklahoma, and within the jurisdiction of this Court, did then and there commit the offense of Attempted Rape in manner and form as follows, to-wit: That on or about the date aforesaid, in the County and State aforesaid, the said defendant did wilfully, unlawfully and feloniously with the use of force and violence against one Laura Olds, a female person not the wife of the said defendant, did then and there attempt to rape, ravish and carnally know and have sexual intercourse with said female against her will and consent, but failed of penetration by the resistance of said female, contrary to the form of the Statute in such case made and provided; and against the peace and dignity of the State of Oklahoma."

The defendant contends that the Information fails to state any intention on the part of said defendant, and further that it fails to allege any overt act in furtherance of such intent. We find, from reviewing the record, that the first time the defendant raised the issue as to the sufficiency of the Information was after the jury was selected and the District Attorney read the Information. This Court has previously held in the case of Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562, that:

"Where the information has not been challenged by demurrer or motion to

quash, and defendant pleads to the information and goes to trial, any objection to the sufficiency of the information should be overruled if by any intendment, inference or presumption, it can be sustained."

Applying the rule set forth in Jennings v. State, supra, we are of the opinion that the Information sufficiently alleged the elements of the offense with such particularity as to apprise the defendant of the charge in order that he could prepare his defense. We therefore must find this allegation of error to be without merit.

■ The fourth proposition of the defendant states that the evidence was wholly insufficient to support the verdict of the jury. He contends that the evidence does not show an intent to rape, nor that an overt act was committed. We find, after carefully reviewing the evidence, that although it is conflicting, it is sufficent, if believed, to support the verdict of the jury. The victim testified that the defendant physically placed her in the car, touched her breast, attempted to feel under her clothing and that she struggled with him for approximately twenty minutes. The defendant denied any intent to rape and the use of any force or violence.

■ This Court has recently held in the case of Garrison v. State, Okl.Cr., 473 P.2d 341, in paragraph one of the Syllabus:

"Whether specific intent to have carnal knowledge of female existed in mind of one accused of assault with intent to commit rape at time of assault is question for jury."

In this case the trial court properly instructed the jury as to the essential elements of the respective offenses. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Hudson v. State, Okl. Cr., 399 P.2d 296 and Gray v. State, Okl. Cr., 467 P.2d 518. We are of the opinion that this assignment of error is also without merit.

■ The defendant's final contention is that the trial court erred in refusing to instruct on Assault and Battery as a lesser included offense. We find that the Court instructed the jury as to attempted rape and assault with the intent to rape. The theory of the defense was two-fold, first that the defendant did not do the acts complained of, and secondly that such acts that he performed were invited. This being true, he was not entitled to the requested instruction on Assault and Battery.

In conclusion, we observe that the evidence supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment was well within the range provided by law, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.