Alvin Wayne HARVEY, Plaintiff.in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16422.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Curtis Parks, Public Defender, for plain-
tiff in error.

Larry Derryberry, Atty. Gen., Paul
Crowe, Legal Intern, for defendant in er-
ror.

BUSSEY, Presiding Judge.

Alvin Wayne Harvey, hereinafter re-
ferred to as defendant, was charged, tried
and convicted in the District Court of Tul-
sa County for the offense of Assault with
Intent to Rape; his punishment was fixed
at four years imprisonment, and from said
judgment and sentence a timely appeal has
been perfected to this Court.

Briefly stated, the evidence at the trial
revealed that the defendant came to Vicki
Dale Bryant's (age 15) sister's house on

the night in question, with two other men whom she did not know. Around 10:30 or 11:00 p.m., they all got into a car and went out to get a coke and some cigarettes. Miss Bryant testified that she took her two young nieces, one being three to four months old, and the other being two years old, with her. After purchasing some beer and cigarettes, they drove out to Mohawk Park and pulled off the road. At that time the babies started to cry and Miss Bryant got out of the car to walk them around. She testified that she had one of the babies and the defendant had the other one, outside of the car when one of the two unidentified men got out of the car and put his arms around her waist and started jerking on her britches. She testified that after she was down on the ground, the defendant took both of the babies and placed them in the car. The man who threw her down on the ground then put his knees up on her arms and put his hand over her mouth while the other one (referring to the other unidentified man), was trying to get her britches off. She testified that the defendant was holding her down and that she called to the defendant. The defendant held her legs while her britches were pulled off and the second unidentified man took his pants off and got to his knees. He then got on top of her and laid down on her, but did not do anything other than to touch his private parts with her private parts.

She testified that the man lying on top of her then got up saying he couldn't do anything, and got back into the car, allowing her to get up and wrap her pants around her. She testified that one of the unidentified men told her that if she ever told anyone about this, they would kill her. She saw car lights and ran toward the lights. The driver of the car slowed down and she was able to tell him of her plight and he invited her to get in and he drove over to the area in which she was attacked to pick up her two nieces. The witness testified that at that point she saw the defendant throw one of the babies out of the car and then the defendant and his two friends drove off.

The next witness for the State was David Hall. He testified the prosecuting witness approached his car while he was driving through Mohawk Park on June 8, 1970; that she ran up to the car carrying a baby and said, "You have got to help me, they are trying to rape me." The witness testified that he looked in the direction from which she came and saw some men getting into a car and slowly driving away. He invited her into the car and later tried to pursue the other vehicle in order to get the license tag number, but was unable to do so. He testified that he thought the other car was a 1969 Ford Mustang, red in color. He further testified that the prosecuting witness was wearing a pair of levis, and he identified State's Exhibit No. 1 as being that pair of levis.

Tulsa Police Officer Samuel Donald Brian next testified for the State that he was hailed by a passing motorist at approximately 11:55 p.m. in the 100 block on North Utica Avenue on the night in question and after talking to two gentlemen in the car, he went to a certain location and talked to one Vicki Dale Bryant for which he made an official report. He identified State's Exhibit No. 1 as the pair of pants she was wearing on that night.

Tulsa Police Officer Marilyn Ethridge next testified for the State that she went to the home of Vicki Dale Bryant on the night in question and discussed an attempted rape with her, and at that time Miss Bryant gave her an article of clothing which she identified as State's Exhibit No. 1.

At this point Vicki Dale Bryant was recalled by the State, and testified that at the time of the alleged attempt she asked the defendant for help and that he just laughed.

The defendant, age 26, testified in his own behalf, that he was indeed with Vicki Bryant on the night in question and he was also in the company of Jim Fry and Jack

Fry. He testified that they were in Jack Fry's car and that they went over to see Vicki and that they all went out to get a coke. The defendant testified that both Jim and Jack Fry were six feet or better in height and weighed approximately 180 pounds; that he was five feet, four inches tall and weighed 130 pounds. The defendant testified that Vicki got into the car and sat in the back seat with Jim Fry and that he was in the front seat with Jack. The defendant's testimony of the attempted rape parallels that of the prosecuting witness with the exception that he did not take any part therein. He denied any advance planning of the offense, or holding her feet. He took the child and placed it in the car. He admitted that Miss Bryant asked him for help, but he did not help her because he was afraid of the Frys. He did not throw the baby out of the car.

■ The first proposition, on appeal, asserts that the verdict is not sustained by sufficient evidence. Under this proposition, the defendant first contends that the prosecutrix's testimony that all three persons were holding her is inherently improbable, thus requiring corroboration by other evidence. We do not agree with this contention. We are of the opinion that the prosecutrix's testimony is neither improbable, nor incredible. We have previously held that a conviction of rape may be had on the uncorroborated testimony of the prosecutrix or on slight corroboration where testimony of the prosecutrix is not inherently improbable or unworthy of credence. Strunk v. State, Okl.Cr., 450 P.2d 216 (1969). In the instant case the defendant's testimony of the attack coincided with that of the prosecutrix except that he did not participate. The trial court properly instructed the jury that their presence at the scene of a crime, and/or acquiescence in the crime, is not sufficient to establish guilt. The jury obviously found that the defendant took an active part in the attack.

■ The defendant next contends under this proposition that there was no compe-

tent evidence to prove intent to rape. In Garrison v. State, Okl.Cr., 473 P.2d 341 (1970), we cited the early case of Pusley v. State, 22 Okl.Cr. 192, 210 P. 306, wherein the Court stated:

" 'That the defendant assaulted the prosecuting witness is established by apparently credible and uncontradictory testimony. As we view the evidence, the only controverted question for determination by the jury was the intent with which the assault was committed. The question of intent was one for the jury, under proper instructions on the law by the trial court. The circumstances under which the assault was committed and the nature thereof were such as to authorize the jury to infer that the defendant intended to rape the prosecuting witness. Under these circumstances we deem it our duty not to set a judgment of conviction aside on account of insufficient evidence, especially as the trial Court refused to grant a new trial on this ground, and the trial court and the jury had the advantage of seeing the witnesses, observing their manner of testifying, and were in a much better position than is this Court to arrive at a right conclusion of the credibility of the witnesses and the weight to be given their testimony.' "

We find this proposition to be without merit.

■ The second proposition asserts that the punishment is excessive, appearing to have been given under the influence of passion or prejudice. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case. Ransom v. State, Okl.Cr., 453 P.2d 301 (1969). From the foregoing recital of facts, we cannot conscientiously say that a sentence of four years is so excessive as to shock the conscience of this Court.

■ The final proposition asserts that the court erred in allowing the State to recall Vicki Bryant out of time. The defendant, in his brief, concedes that as a

general rule the trial court has discretion in matters of recalling witnesses. He does not cite any authority to support this proposition. We have repeatedly held that it is necessary for defendant not only to assert error, but to support his contentions by both argument and citation of authorities, and if that is not done, and it is apparent that defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search books for authorities to support mere assertions that the trial court has erred. McGee v. State, Okl.Cr., 402 P.2d 921 (1965). We find this proposition to be without merit in that the recalling of a witness is within the discretion of the trial court. See 98 C.J.S. Witnesses § 365.

In conclusion, we find that the record is free of any error which would require reversal or justify modification, and the judgment and sentence is accordingly affirmed.