Patrick Allen **FLEMING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–187.**

Court of Criminal Appeals of Oklahoma.

June 11, 1975.

Darryl F. Roberts, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Harold T. Garvin, Jr., Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, Patrick Allen Fleming, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Carter County, Oklahoma, Case No. CRF–71–82 for the crime of Larceny of an Automobile. Punishment was assessed at a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma, and from said judgment and sentence the defendant has perfected his timely appeal.

The defendant's sole contention urges that the trial court committed reversible error in allowing the Sheriff of Marshall County, Oklahoma, to testify concerning a prior offense committed by the defendant. Marshall County Sheriff James Splawn testified that he was the Sheriff of Marshall County during the months of March and April of 1971 and that the defendant was in his custody from March 18 to April 6, 1971. He further testified that the defendant escaped from the Marshall County Jail in Madill at approximately 6:00 p. m. on the 6th of April and that it was approximately 28 miles from Madill to Ardmore. The record further reflects that the vehicle was stolen at Ardmore between 7:30 and 8:00 p. m. on the 6th of April.

This Court has cited on numerous occasions the general rule that when a defendant is put on trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and evidence of other crimes, committed either prior or subsequent to the offense for which he is on trial, is inadmissible. However, evidence of past offenses is admissible when it tends to prove motive and when it is a part of the res gestae. Pruitt v. State, Okl.Cr., 518 P.2d 1114; Moulton v. State, Okl.Cr., 476 P.2d 366 and Tillman v. State, 82 Okl.Cr. 276, 169 P.2d 223.

In the instant case the testimony of Sheriff Splawn was admissible as a part of the res gestae and to show the motive of escape. Therefore, it is the opinion of this Court that the trial court did not abuse its discretion in admitting into evidence the complained of testimony of Sheriff Splawn

and defendant's sole proposition in error is without merit.

The judgment and sentence appealed from should be, and the same is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.