**Paul Eugene GRUBB, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–22.**

Court of Criminal Appeals of Oklahoma.

June 14, 1976.

 ■

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Joe Mark Elkouri, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Paul Eugene Grubb, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–4038, for the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S. § 1713. His punishment was fixed at a term of ten (10) years in the state penitentiary and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, George Pfeifer testified that he lived two and a half miles north of Edmond on Bryant Road in Oklahoma County. On November 18, 1974, his wife arrived at their residence finding the front door of their home had been broken in, and the house had been ransacked. Certain guns, jewelry and the contents of a file box had been stolen. The contents of the file box consisted of insurance policies, birth certificates, stocks and bonds and Social Security cards. Witness Pfeifer then identified State's Exhibit No. 1 as the Social Security card belonging to Jimmy Richard Pfeifer, his son, and State's Exhibit No. 2 as the birth certificate belonging to Jimmy Richard Pfeifer. He further testified that both Exhibits were taken from his home on the day in question. After finding the house had been broken into and certain items missing, the police were contacted and a list of the items stolen were given to the police.

Troy Withey testified he was employed with the Oklahoma City Police Department as a Detective in the Stolen Goods Division. He testified that on the 24th day of November, 1974, he had occasion to go to 2300 Southwest 40th Street to arrest the defendant. He found the defendant hiding in the back room in a closet. He further testified that the defendant was pat-searched wherein State's Exhibits Nos. 1 and 2 were found in his pocket. Detective Withey further testified that the defendant had escaped from the Oklahoma State Penitentiary at McAlester and he had received information that the defendant was located in the house at 2300 Southwest 40th Street.

Phil Minor testified he was employed by the Oklahoma City Police Department as a Detective and he and Detective Withey went to an address at 2300 Southwest 40th Street. His supervisor had related to him that two escapees from the McAlester State Penitentiary were located there. After the defendant was placed in custody and transported to the police station, he was searched and found on his person by Detective Minor, State's Exhibits Nos. 1 and 2, Social Security card and birth certificate belonging to Jimmy Richard Pfeifer. State's Exhibits Nos. 1 and 2 were then admitted in evidence.

The State then rested.

The defendant did not take the stand nor offer any evidence in his behalf.

After the jury found the defendant guilty in the first stage of the proceedings, the defendant and the State stipulated to the defendant's previous conviction of Robbery with Firearms in the Tulsa County District Court.

Defendant's sole assignment of error asserts that the trial court committed reversible error in allowing testimony of two officers concerning the defendant's escape from the McAlester State Penitentiary.

■ The general rule is that when a defendant is put on trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and evidence of other crimes, committed either prior or subsequent to the offense for which he is on trial, is inad-

missible. However, evidence of past offenses is admissible when it tends to prove motive, intent and when it is part of the res gestae. See, *Pruitt v. State,* Okl.Cr., 518 P.2d 1114; *Moulton v. State,* Okl.Cr., 476 P.2d 366; *Tillman v. State,* 82 Okl.Cr. 276, 169 P.2d 223 and *Fleming v. State,* Okl.Cr., 536 P.2d 987.

In the instant case we affirm the trial court's holding that the police officers' testimony that the defendant was an escapee from the penitentiary was admissible to show his motive and intent for concealing stolen property—the birth certificate and Social Security card of another. It is quite obvious that the defendant concealed the stolen birth certificate and Social Security card for the purpose of hiding his true identity.

Finding no merit to this assignment of error, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, *AFFIRMED.*

BLISS, J., concurs.

BRETT, P. J., concurs in results.