**HAROLD MORRIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–224.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1977.

Roger L. Benson, Ada, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Harold Morris, hereinafter referred to as defendant, was charged, tried and convicted by a jury in the District Court, Pontotoc County, Case No. CRF–76–38, with the offense of Uttering Two or More Bogus Checks Exceeding $20.00 Pursuant to a Common Scheme or Plan to Cheat and Defraud, in violation of 21 O.S. 1971, § 1541.3, After Former Conviction of a Felony, 21 O.S.1971, § 51. Punishment was assessed at thirty (30) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

Briefly stated, the State showed that on March 11, 1976, defendant uttered a personal check to Broadway Grocery in the amount of $18.70, which was subsequently returned to the grocery unpaid because of insufficient funds. Further, in support of the charge, the State showed that on March 22 defendant cashed a $10.00 check with Otasco, which was subsequently returned to Otasco due to insufficient funds.

The foregoing two checks were those charged in the information. Additionally, the State proved that in March of 1976

defendant cashed three other checks at three separate places of business, all of which were returned unpaid due to insufficient funds. As to all checks, the State further proved what methods were taken by the businessman to collect from defendant after the checks were returned unpaid.

Lastly, the State called a vice president of the bank in which defendant had his account and upon which he uttered each check. The vice president was in charge of bookkeeping, and testified that at the time the first check was drawn, defendant's account showed a zero balance and had for quite some time.

Defendant presented no evidence. In support of the After Former Conviction of a Felony charge, the State introduced two judgment and sentences reflecting that defendant had been twice convicted of burglary in the second degree.

Defendant's first assignment of error is that the evidence was insufficient to support conviction for the crime charged. Title 21 O.S.1971, § 1541.3, states:

"Any person making, drawing, uttering or delivering two or more false or bogus checks, drafts, or orders, as herein defined, the total sum of which checks exceeds Twenty Dollars ($20.00), even though each separate instrument is written for less than Twenty Dollars ($20.00), all in pursuance of a common scheme or plan to cheat and defraud, shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not less than one (1) year nor more than ten (10) years, or by a fine not to exceed Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment."

The essence of defendant's argument is that the State failed to prove that the $10.00 check passed at Otasco on March 11 and the $18.70 check passed to Broadway Grocery on March 22 were done "in pursuance of a common scheme or plan to cheat and defraud," because, as defendant reasons, the State failed to show that at the time defendant passed the first check he had as well the intent to pass a second check at Broadway Grocery. At the very least, defendant urges, there can be no "common scheme or plan to cheat and defraud" two separate businesses.

Defendant cites no cases in support of the construction of Section 1541.3 which he urges. Neither for that matter does the State, and it thus appears to be a case of first impression.

■ We are of the opinion that defendant's construction is forced, and that the natural intendment of the language used does not compel a construction requiring that the common scheme to cheat and defraud be a scheme perpetrated against one person or business. Rather, we think that where, as here, the State shows that a defendant over a relatively short period of time cashes numerous small checks at different places of business under circumstances which indicate that he has knowledge that the checks are worthless, and no attempt at restitution is made, then the terms of the statute have been satisfied.

■ It is appropriate at this point in the discussion of defendant's first assignment of error to discuss as well his second assignment of error, in which he contends that it was error for the trial court to permit the State to prove that defendant cashed three other bad checks in addition to the two charged in the information. This contention is without merit in view of this Court's long-standing rule that evidence of other crimes is admissible if it tends to show absence of mistake or common scheme or plan whereby proof of the crime charged is facilitated by proof of other crimes. See, *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970). The fact that defendant wrote three other bad checks in the same time period as those charged certainly bears upon the absence of mistake or accident. Moreover, evidence that defendant cashed three other bad checks is evidence that the two bad checks with which defendant was charged were passed in pursuance of a "common scheme or plan to cheat and defraud," a necessary element for conviction under Section 1541.3.

It would thus appear that defendant's first assignment of error is without merit. Evidence of the three other bad checks was admissible under *Moulton v. State*, supra, as bearing on defendant's intent. All of the checks were passed within a 20 day period in the same geographic area. Defendant had opened the account in early January with $75.00. Several days later the last deposit of $203.00 was made. By January 28 no money was left in the account, and defendant was mailed notification from the bank to that effect. Similar notification was mailed on February 25 and March 11. Considering the above in light of the language of Section 1541.3, we are of the opinion that the evidence was sufficient.

Defendant's final assignment of error is that the punishment is excessive. In *Smith v. State*, Okl.Cr., 296 P.2d 187 (1956), defendant Smith was convicted of passing a $1,200.00 bogus check, after former conviction of a felony. The jury left punishment to the court, and the court sentenced defendant to 25 years' imprisonment. Subsequently on appeal, this Court on its own motion reduced the sentence to 15 years' imprisonment. In so doing, this Court did not base its actions upon any irregularity or error occurring during trial.

■ The foregoing considered, we are of the opinion that the interest of justice would be best served by modifying the sentence from a term of thirty (30) years' imprisonment to a term of ten (10) years' imprisonment.

For the foregoing reasons the judgment and sentence is, therefore, MODIFIED from thirty (30) years' imprisonment to ten (10) years' imprisonment and otherwise AFFIRMED.

BUSSEY, P. J., concurs.