Norvell Terrell HUTTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–219.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The Appellant, Norvell Terrell Hutton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–76–1538, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. In a bifurcated proceeding, the jury returned a verdict of guilty in both the case in chief and the portion dealing with the after former conviction of a felony. On the 1st day of October, 1976, the defendant was sentenced to ten (10) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, the State called Mr. Norman Kelp who testified that he was employed at Whitaker's Used Car Lot which is located at 820 N.W. 6th in Oklahoma City, Oklahoma County; and that on the 17th day of April, 1976, he was awakened in the early morning hours by a police officer knocking at the door of his residence. At that time he accompanied an Oklahoma City Police Officer to the used car lot where he observed two young men in custody. He testified that he had closed the lot at 6:00 p.m. on the day preceding and had given no one permission to enter the car lot or any automobiles thereon. He also noted that it had been raining on the evening in question and he subsequently observed wet and muddy footprints on the floorboard of several of the automobiles on the lot. He also testified concerning a used pickup which was on the lot and which had been tampered with in some manner which he associated with an attempt to hot-wire the pickup. Mr. Kelp testified that to his knowledge this pickup had not been tampered with prior to closing the previous evening.

The next witness for the State was Officer Edward Moore of the Oklahoma City Police Department. He testified that he received a radio dispatch at approximately 2:30 a.m. on the morning in question to proceed to the 800 block of N.W. 6th where two suspects were reported to be attempting to break into a pickup truck. Officer Moore arrived on the scene, which he described as being well-lit. Upon arriving on the scene, Officer Moore observed two persons in the used car lot. One person was standing beside a "white or blue or blue-green car." The door of the automobile was open and the other suspect was exiting from the door at the same time Officer Moore arrived. Officer Moore observed this person run east from the car, dropping something as he ran, and go behind a building on the lot. He shouted for the persons to stop and come back and both subjects eventually surrendered. Officer Moore identified the defendant as the person he observed in the car at the time of his arrival. He then identified State's Exhibits 1 through 4, which were a screwdriver and wrenches recovered either from the scene or from the subjects.

Finally, Officer Moore also testified concerning the hood on the pickup being ajar and an attempt to hot-wire that pickup.

The final witness for the State was Mr. A. J. Whitaker, who testified that he was the owner of the used car lot and that he had been contacted by the police on April 17, 1976, concerning the above incident. Mr. Whitaker stated that he had not given anyone permission to be on the lot at 3:00 a.m. and stated that several of the automobiles contained personal property, such as a radio, which would cost $25.00 to replace.

The State then rested and the defendant called his only witness, the juvenile who was arrested with him. He testified that he and defendant had been together the whole day; that they had been out with some girls shortly before and were merely walking through the car lot where the girls had let them out when the police officer arrested them. He denied that the two had done anything on the lot other than walk through the same. The juvenile stated that the screwdriver and wrench, mentioned above, had been in his possession throughout the day, as he had used them to repair his little brother's bicycle.

After the jury returned a verdict of guilty on the case in chief, the parties agreed to and entered a stipulation concerning the defendant's prior conviction. The jury then retired and returned and assessed defendant's punishment at ten years.

■ For his first assignment of error, the defendant asserts that the court erred when it allowed testimony, over his objection, concerning evidence of another crime. More specifically, the defendant objects to the evidence of the "hot-wiring" of the pickup truck. The defendant argues that since he was on trial for the offense of Burglary in the Second Degree concerning a 1968 two-door Chevrolet, that any evidence concerning the hot-wiring of a pickup truck was evidence of a prior crime and therefore inadmissible. He further argues that this is especially true since there was no direct evidence connecting him with the pickup truck. In support of his contentions, the defendant cites several cases of this

Court and other jurisdictions and United States Supreme Court cases having to do with the inadmissibility of other crimes.

We disagree. The circumstantial evidence surrounding the "hot-wiring" of the pickup truck was sufficient to render the evidence of its commission admissible against the defendant. The testimony of the State's witnesses, if believed, tended to establish that the pickup truck had not been "hot-wired" on the previous day before closing time. The officer responded to a call to investigate persons breaking into a pickup truck. The defendant and his companion were observed leaving another vehicle on the same car lot, and tools found both on the scene and in possession of the co-actors more than sufficiently connected the defendant with the commission of the crime.

In ruling on the defendant's Motion for Mistrial, the trial judge stated:

" . . . The only reason that evidence is relevant and material is because it's a part of what the officers found when they arrived at the scene and it is material to go to whatever the jury wants to give it in the way of weight or credibility to determine his intent in being there."

The trial judge's ruling was well founded not only for the reasons stated, but the evidence was clearly admissible as an exception to the general rule on at least three or more of the exceptions stated in the first paragraph of the Syllabus in *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970), wherein we held:

"The general rule in this state is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible. However, evidence of separate and similar offenses is admissible when it is material and proper to show (1) *motive*, (2) *intent*, (3) absence of mistake or accident, (4) identity of person charged with the commission of the crime for which an accused in [sic]

put on trial, and (5) *common scheme or plan embracing the two or more crimes so related to each other that proof of one tends to establish the other.*" [Emphasis added]

We, therefore, find this assignment of error to be without merit.

■ For his final assignment of error, the defendant asserts that the trial court erred when it gave a supplemental instruction to the jury for the purpose of clarifying its Instruction No. 3.

The record indicates that after the jury retired to deliberate, they transmitted a written communication to the trial court seeking a clarification of Instruction No. 3. Instruction No. 3 contained a statutory definition of Burglary of an Automobile, the elements necessary to constitute "breaking and entering" and a definition of the word "steal." The instruction also contained a statutory definition of the misdemeanor offense of Tampering with an Automobile. Prior to submitting to the jury the supplemental written instruction, the trial court called the parties to chambers, at which time it was agreed that the supplemental instruction could be submitted in writing. At first there was no objection to the supplemental instruction, but after some discussion the defendant objected to the instruction, particularly the first paragraph. The supplemental instruction is as follows:

*"SUPPLEMENTAL INSTRUCTION NO. 1*

"The Court has received your request for clarification of Instruction Number 3.

"The legislature of Oklahoma has arranged the wording of the Statute. You will note that a person is guilty of Burglary in the Second Degree when he breaks and enters any part of an automobile under either one of the two circumstances set out in the Statute:

1. With intent to steal any property within the automobile; or

2. With intent to commit any felony.

"The legislature has further said that one who enters a vehicle at rest without the right to do so and with the intent to commit a crime commits a misdemeaner

[sic] which we have called Tampering With a Vehicle.

"The word 'steal' is defined for you in Instruction Number 3.

"It might be possible for a person to enter an automobile without permission or right with the intent to commit some crime which could not be classed as a felony.

"Therefore, it is necessary to read the Statutes together. It is a fair summary to say that if one breaks and enters any part of an automobile with intent to steal or with intent to commit any felony he has committed Burglary in the Second Degree. On the other hand, if he enters a vehicle at rest without the right to do so with the intent to commit some crime not a felony then he is guilty of Tampering With A Vehicle."

The main thrust of defendant's argument is that the phrase "some crime" is too general and vague, thus it had the effect of coercing the jury into finding the defendant guilty of the offense of Burglary in the Second Degree as opposed to the lesser offense of Tampering with a Vehicle.

While we are of the opinion that the defendant's argument under this assignment of error possesses some merit, we believe the facts in the instant case fall well within the rule enunciated in *Morrow v. State*, Okl.Cr., 502 P.2d 339 (1972). In that prosecution for Burglary in the Second Degree, the defendants were observed in and near the vehicle in question. They were captured while still in the process of working under the car hood and under the dashboard of the car. A hot-wire was found near the vehicle. The only evidence presented for the defense was character testimony relating to one defendant.

This Court held that it was not error for the trial court to refuse the requested instruction of the defendants for Tampering or Damaging a Vehicle when no evidence was presented to explain the presence of the defendants in the vehicle other than the theory presented by the State showing burglarious intent.

In the instant case the only testimony offered by the defense was through the companion whose testimony was in substance that neither he nor defendant tampered with the automobiles in any way and stated that defendant and he were merely walking through the lot when arrested.

It thus can be seen that the defendant, under the rule enunciated in *Morrow v. State,* supra, was not entitled to an instruction on Tampering with a Vehicle. This being true, he cannot now complain that the court may have unnecessarily limited the jury in its consideration of the elements of Tampering with a Vehicle, a misdemeanor. Moreover, while not a model to be followed in the future, we are of the opinion that under the facts of the instant case the trial court's instructions, when considered as a whole, were not so prejudicial as to result in a miscarriage of justice and therefore constitute, at most, harmless error within the meaning of 20 O.S.1971, § 3001.

For all of the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED.*

CORNISH, J., concurs, and BRETT, J., concurs in results.