**Brian M. REMINE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–390.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1988.

Raymond Burger, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Brian M. Remine, was tried before a jury in the District Court of Oklahoma County, for the crime of Attempted Rape in the First Degree, Case No. CRF–85–3616. He was convicted of the lesser included offense of Assault With Intent To Commit a Felony in violation of 21 O.S.1981, § 681, and was sentenced to eighteen (18) months' imprisonment.

On July 15, 1985, the prosecutrix, a thirty-nine year old optician, had gone to relax and enjoy her lunch at the Lake Hefner shoreline in Oklahoma City. Shortly after she had arrived there, the appellant, Brian M. Remine, drove up in his pickup, got out with his dog, and began walking along the lakeshore. He spoke to the prosecutrix, introduced himself as "Brian", and she answered his greeting. Appellant then tied his dog to a tree, washed his feet in the water, and approached the prosecutrix.

Immediately upon reaching the concrete slab where she was seated, appellant pushed the prosecutrix down and attempted to rape her. She resisted, crying "no" and clawing at appellant's back with her one free arm. After wrestling with her on the concrete slab for approximately ten minutes, appellant gave up his advances. He allowed the prosecutrix to return to work after being promised that she would not call the police.

The prosecutrix returned to work but was too emotionally upset to begin her duties. She went to the restroom to clean up and collect herself. While she was so occupied, appellant telephoned, identified himself as "Brian" to the receptionist and asked to speak to the prosecutrix. The prosecutrix curtly told appellant not to call her again or she would call the police, and hung up without waiting for a reply. Too hysterical at this point to work, she went home, showered, and went to bed.

Her employer, who was concerned about her condition, called the prosecutrix at home and encouraged her to report the attack. Taking her employer's sound advice, the prosecutrix called the police, described the incident to an investigating officer and later positively identified the appellant as her assailant.

On appeal, appellant alludes to three alleged trial court errors: 1) error in failing to sustain appellant's demurrer to the evidence; 2) error in failing to grant his motion for directed verdict; and 3) insufficient evidence to support the jury's verdict. In his brief, however, appellant only attacks the sufficiency of the evidence. We consider the other assignments of error to have been waived due to counsel's failure to present argument and cite relevant authority. *See Ward v. State,* 628 P.2d 376 (Okl. Cr.1981); *Tosh v. State,* 736 P.2d 527, (Okl. Cr.1987).

The two cases cited as authority for appellant's proposition that his conviction must be reversed for insufficiency of the evidence do not, in reality, support this proposition at all. *See Harvey v. State,* 485 P.2d 251 (Okl.Cr.1971) and *Colbert v. State,* 567 P.2d 996 (Okl.Cr.1977).

The only witness for the State to testify as to the attempted rape was the prosecutrix herself. Other witnesses testified regarding her actions and behavior at work immediately after the incident. These witnesses corroborated the prosecutrix' account of the events following the alleged incident.

The applicable language from *Harvey, supra,* cited by the appellant is as follows:

We have previously held that *a conviction* of rape *may be had on the uncorroborated testimony* of the prosecutrix *or on slight corroboration* where testimony of the prosecutrix is not inherently improbable or unworthy of credence.

*Harvey,* 485 P.2d at 253 (citations omitted) (emphasis added).

Corroboration is only necessary when the prosecutrix' testimony is too inherently improbable to support a conviction. Further, the improbability "must arise from something other than just the question of her believability." *Gamble v. State,* 576 P.2d 1184, 1185 (Okl.Cr.1978).

The appellant's basis in claiming that the prosecutrix's testimony requires corroboration is, first, the difference between her account and the appellant's account, which, summarized, is that the prosecutrix seduced him and then changed her mind. Second, the appellant finds contradiction in the fact that the prosecutrix, at trial, first, denied placing her hand on the appellant's penis. This is contrary to her preliminary hearing testimony, when she testified that the appellant placed her hand on his penis before his attempt to force her to have intercourse. We think that these two perceived inconsistencies are a far cry from the *Gamble* standard that the prosecutrix' testimony must have been "so thoroughly impeached that the reviewing court must say that such testimony is clearly unworthy of belief and insufficient as a matter of

law to sustain a conviction." *Id.* at 1185–86. *See also* O.U.J.I.—Cr 841; *De Armond v. State,* 285 P.2d 236 (Okl.Cr.1955). A thorough reading of the record shows that the prosecutrix testimony is both credible and worthy of belief. We note that she was subjected to grueling and aggressive cross-examination in an unsuccessful attempt to discredit her testimony. Corroboration, to a limited extent, was also available in the form of photographs of what the jury could believe were fingernail scratches on appellant's back of the precise type described by the prosecutrix.

The record contains sufficient evidence from which the jury could find the essential elements of the crime charged beyond a reasonable doubt. *See Roberts v. State,* 715 P.2d 483, 485 (Okl.Cr.1986). This Court is not free to interfere with a jury's verdict when there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged. *Jones v. State,* 468 P.2d 805 (Okl.Cr.1970). We therefore conclude that the appellant's challenge to the sufficiency of the evidence is totally without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in result.